IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK LAWRENCE CHRISTIANSEN,**

   **Plaintiff,**

   v.                                             Case No. 3:04-cv-561-DRH

**ROGER WALKER, JR.,**

   **Defendants.**

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

I. Introduction and Background

Pending before the Court is Defendants Roger Walker, Greg Lambert, Barb Cooksey, and Eddie Jones motion for summary judgment filed on May 10, 2006 (Doc. 20). For reasons set forth below, the motion is **GRANTED**.

On August 12, 2004, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging in six counts that he suffered numerous constitutional violations at the hands of ten defendants employed at Big Muddy River Correctional Center ("BMRCC"). On February 25, 2005, the Court dismissed, pursuant to 28 U.S.C. § 1915A, five of the six counts, and five of the ten defendants (Doc. 9). Plaintiff alleges in his sole remaining count, Count 1, that Walker, Lambert, Cooksey, Jones, and Reggi Adams interfered with the free exercise of his religion as guaranteed by the First Amendment to the Constitution. More specifically, Plaintiff alleges that the defendants did not provide him a diet free of animal products, which his religion mandates. Similarly, Plaintiff alleges that the Defendants did not provide him

hygiene supplies free of animal products. Plaintiff also alleges that the defendants forced him to attend religious programs that promote Christian ideology. Lastly, Plaintiff alleges that the Defendants did not permit him adequate time or space to observe his prayer rituals and participate in fasting rituals.

In their motion for summary judgment, Defendants assert that the following reasons entitle them to summary judgment as to Count 1: (1) Plaintiff's right to practice his religion was only restricted to the extent called for by the legitimate penological interests at BMRCC; (2) even if a constitutional violation occurred, Defendants lacked the requisite personal involvement necessary to render them liable for such a violation; (3) the Eleventh Amendment to the Constitution bars Plaintiff's claims against Defendants in their official capacities; (4) Defendants are entitled to qualified immunity because Plaintiff has not shown that a constitutional violation has occurred; and (5) Plaintiff has not averred any physical injury, thus he cannot obtain the compensatory damages he prays for in his complaint.

## II. <u>Summary Judgment</u>

Summary judgment is proper where the pleading and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997) (citing** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro.*

*Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 232). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998).

In response to a motion for summary judgment, the non-movant may not simply rest upon the allegations in the pleadings. Rather, the non-moving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), aff'd, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324). In reviewing a summary judgment motion, the court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Dykema v. Skoumal*, 261 F.3d 701, 704 (7th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to show a genuine issue of material fact." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 933 (7th Cir. 1997).

No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). *Accord Starzenski v. Citty of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 519 U.S.

1055 (1997); ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**.

"[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks*, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. ***Chiarmonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

### III. Analysis

#### A. Free Exercise in Prison

The First Amendment guarantees free exercise of religion in the prison context. ***O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.")**. However, the Supreme Court has clarified that a correctional institution may adopt regulations restricting the free exercise of religion if those regulations are "reasonably related to legitimate penological interests." ***Turner v. Safley*, 482 U.S. 78, 89 (1987)**. In determining whether such a regulation serves legitimate penological interests, courts must consider the following factors: (1) whether a valid, rational connection exists between the regulation and a legitimate government interest; (2) whether there are other means of exercising the right in question for prisoners; (3) the impact accommodating the claimed right would have on guards, other inmates, and prison resources; and (4) the availability of obvious and easy alternative to the regulation. ***Turner*, 482 U.S. at 89-90**.

B. **<u>Legitimate Penological Interests</u>**

       Defendants aver that Plaintiff was given a reasonable opportunity to exercise his religious beliefs, adding that the only restrictions imposed upon that exercise were those related to legitimate penological interests at BMRCC. In support of this averment, Defendants emphasize the fact that Plaintiff has been receiving a diet without animal products (or animal by-products) since 1996, and that his only objection to the diet is that it sometimes contains onions or garlic. They also call attention to the fact that, although Plaintiff was prevented from participating in certain prayer rituals and Ramadan, he was nonetheless allowed to attend weekly Catholic Mass and Islamic services two to three times per week. Next, Defendants point out that Plaintiff's avowed faith draws from the tenants of various distinct religions, including the tenants of Hare Krishna, Buddhism, Catholicism, and Islam, which makes it difficult for BMRCC to fashion an accommodation that Plaintiff would find fully satisfactory.

       Turning first to the question of whether Plaintiff has been denied a proper diet, the Court finds that Plaintiff has been provided an animal-free diet since 1996. Defendants have shown by reference to Plaintiff's deposition testimony that he has received, since 1996, a diet excluding animal products. Plaintiff's averments in his opposition to summary judgment that the diet is improper because it contains onions and garlic is without merit because he made no allegation in his complaint that the inclusion of onions and/or garlic in his diet constituted a violation of his right to exercise his religion. Consequently, the Court did not consider, in its

screening of Plaintiff's claims pursuant to 28 U.S.C. § 1915A, whether Plaintiff may proceed on a religious accommodation claim that alleges a violation on the basis of onions and garlic in his meals. Thus, no question related to onions and garlic is properly before this Court. Because the evidence of onions and garlic are outside the scope of the claims before this Court, and because Plaintiff has presented no evidence to contradict Defendants' showing that he was given an animal-free diet, the Court **GRANTS** summary judgment as to the portion of Count 1 that alleges Plaintiff was denied a proper diet. Incidentally, being that Cooksey, the Dietary Manager at BMRCC, only faced liability under the allegation that he denied Plaintiff a proper diet, she no longer faces liability here.

Second, Defendants make no attempt to refute Plaintiff's allegation that they failed to provide him animal-free hygiene products in violation of his First Amendment rights. Having averred no facts in support of the proposition that this alleged violation related to a legitimate penological interest, a genuine issue of material fact remains as to whether the violation ran afoul of the First Amendment, and Defendants are therefore not entitled to summary judgment as to that portion of Count 1.

Likewise, Defendants do not address in their summary judgment motion Plaintiff's allegation that he was forced to attend religious programming that promotes Christianity. Defendants are therefore not entitled to summary judgment as to that portion of Count 1.

Although Defendants suggest that Plaintiff was reasonably

accommodated when he was allowed to attend Catholic and Muslim services, they have not explained why Plaintiff was denied the right to participate in prayer rituals and Ramadan, and how that denial was linked to the legitimate penological interests. Because they offered insufficient facts to satisfy the four factors set forth in **Turner**, a genuine issue of material fact exists as to whether Defendants gave Plaintiff a reasonable opportunity to exercise his religion. Defendants are therefore not entitled to summary judgment as to that portion of Count 1.

C.  **Personal Involvement**

Defendants argue that they are entitled to summary judgment because none of them had any personal involvement in the decision to deny Plaintiff's religious accommodation.

Liability under § 1983 requires that there be a direct, personal responsibility on the defendant's part for those acts or omissions claimed to have deprived a plaintiff of his rights. **Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)**; **Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)**. To be personally involved, a defendant must act (or fail to act) with deliberate or reckless disregard for the plaintiff's constitutional rights or must directly or knowingly consent to the conduct alleged to constitute the violation. **Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985)**. A supervisory official can be liable for his own misconduct, not that of those under his supervision. **Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985)**. Thus, a supervisory official must be personally involved

in the alleged conduct to be liable. ***Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)**.

In support of the proposition that they were not personally involved in the alleged violations, Defendants have submitted evidence that Jones, Lambert, and Walker did not have any conversations with Plaintiff regarding his religious accommodation requests. Defendants have also submitted evidence that Jones, Lambert, and Walker never personally reviewed any of Plaintiff's grievances wherein he made such requests. In his opposition to the motion for summary judgment, Plaintiff presented no evidence in contradiction to Defendants' foregoing averments. In fact, Plaintiff provided no evidence or argument to rebut the proposition that Jones, Lambert, and Walker were in no way personally involved in the violations he alleges. That being the case, Plaintiff has failed to show that a material fact exists as to whether these three defendants are liable for any of the alleged constitutional deprivations. Accordingly, the Court hereby **GRANTS** Jones, Lambert, and Walker summary judgment as to all claims brought against them.

Because the Court has disposed of Plaintiff's only claim as to these Defendants, it need not turn to Defendants remaining arguments concerning official capacity, qualified immunity, or compensatory damages.

### IV. <u>Conclusion</u>

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 20). Thus, the Court grants summary judgment in favor of

Defendants Roger Walker, Greg Lambert, Barb Cooksey and Eddie Jones and against Mark Lawrence Christiansen.  The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the case.

    **IT IS SO ORDERED.**

    **DATED: March 28, 2007.**

                                         /s/         David   RHerndon
                                         **UNITED STATES DISTRICT JUDGE**