IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARK LAWRENCE CHRISTIANSEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:04-cv-561 DRH |
| ROGER WALKER, JR. et al., | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court are Plaintiff's motions for leave to file a motion to substitute parties (Doc. 29), for leave to file an amended or supplemental pleading (Doc. 30), and a motion to appoint counsel (Doc. 31). For the reasons set forth below, these motions are **DENIED**.

### BACKGROUND

Plaintiff filed his complaint in this action on August 12, 2004, alleging that defendants interfered with the free exercise of his religion in violation of the First Amendment, violated his right of access to courts, refused to parole him in violation of the Fourteenth Amendment, improperly calculated his good conduct credit in violation of the Fourteenth Amendment, failed to respond to his grievances in violation of the Fourteenth Amendment, and wrote false disciplinary tickets against him in violation of the Fourteenth Amendment. Plaintiff's original complaint sought damages against the named defendants and did not include a prayer for injunctive relief.

After the Court's threshold review pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed only on the First Amendment claim that defendants had interfered with the free exercise of his religion. All other counts were dismissed as frivolous or for failure to state a

claim. Defendants Cravens, Sanders, Miller, Illinois Prisoner Review Board, and Jane Does were also dismissed from the action (Doc. 9).

On March 28, 2007, the Court granted summary judgment on Plaintiff's claims that he was denied a proper religious diet (Doc. 28). Because Defendant Cooksey was named as a defendant only in this count, summary judgment was granted in her favor. The Court also granted summary judgment in favor of Defendants Walker, Jones, and Lambert, because none of these defendants were personally involved in depriving Plaintiff of his constitutional rights. The case was not closed after judgment was granted in favor of those defendants, however, because one defendant remains in the case.

### MOTIONS FOR LEAVE TO SUBSTITUTE PARTIES AND TO FILE AN AMENDED OR SUPPLEMENTAL PLEADING

In the motion for leave to substitute parties, Plaintiff seeks to add new defendants in their "official" capacities. He states that some of the previously-named defendants are no longer in their positions with the Illinois Department of Corrections. Plaintiff asks, therefore, that he be able to add as defendants to the action parties who now hold those positions (Doc. 29). He also seeks to add claims of ongoing violations of his First Amendment rights by the individuals he seeks to add as defendants (Doc. 30). Due to the alleged ongoing constitutional deprivations, Plaintiff seeks to add a claim for injunctive relief.

Although filed as separate motions, both of Plaintiff's requests are considered as requests to amend the complaint. Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Leave to amend "shall be freely given when

2

justice so requires." Id. The Seventh Circuit has recognized, however, that "justice may require something less in post-judgment situations than in pre-judgment situations." Diersen v. Chicago Car Exchange, 110 F.3d 481, 489 (7th Cir. 1997) (quoting Twohy v. First Nat. Bank of Chicago, 758 F.2d 1185, 1196 (7th Cir. 1985)). Leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The Court may also consider whether granting leave to amend would unduly prolong the litigation. See Diersen, 110 F.3d at 489 (district court did not abuse discretion in denying leave to amend after entry of summary judgment where proposed amendments could have been raised earlier in litigation and granting leave to amend would prolong litigation and impair "public interest in prompt resolution of legal disputes") (citations omitted).

In the instant case, Plaintiff seeks to add new defendants and a new claim for injunctive relief over three years after the filing of the original complaint, and notably, after the Court entered summary judgment in favor of four of the five defendants. Plaintiff had ample opportunity during the first three years of litigation to add a prayer for injunctive relief. He did not do so until after his claims for damages were precluded. The Court finds that Plaintiff's failure to add a prayer for injunctive relief until after his claims for damages were denied constitutes undue delay. Furthermore, to allow Plaintiff to add new claims and new defendants to a three-year old case would unnecessarily prolong the litigation. Accordingly, leave to amend the complaint to add new defendants (Doc. 29) and new claims (Doc. 30) is **DENIED**. The Court notes that if Plaintiff wishes to bring suit for ongoing violations of his constitutional rights against new defendants he may do so in another action.

## MOTION TO APPOINT COUNSEL

A Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885, 887-889 (7th Cir. 1981). The Court is to consider

"both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff has made no showing of an attempt to secure private counsel on his own, without court intervention. Thus, he has not met the threshold burden required of him before the Court will consider appointing counsel in this matter. Even if he had, the appointment of counsel at this point in the litigation is unnecessary. Only one defendant remains in the action. Plaintiff has properly filed a motion for default judgment against him. Thus, the issues remaining in the action are not complex. Finally, Plaintiff has thus far shown himself to be fully capable of presenting his case. Therefore, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 31) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: January 16, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**