IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK LAWRENCE CHRISTIANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-561 DRH |
| ) | |
| ROGER WALKER, JR. et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Default Judgment filed by the Plaintiff, Mark Lawrence Christiansen, on October 1, 2007 (Doc. 35). For the reasons set forth below, it is **RECOMMENDED** that the motion for a hearing (Doc. 37) be **GRANTED**, and thereafter that the motion for default judgment (Doc. 35) be **GRANTED**, that judgment be entered against Defendant Reggi Adams in the amount determined at the hearing, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff filed his complaint in this action on August 12, 2004, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First, Eighth, and Fourteenth Amendment rights. After the Court's threshold review pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed only on his First Amendment claim that defendants had interfered with the free exercise of his religion. All other counts were dismissed as frivolous or for failure to state a claim. Defendants Cravens, Sanders, Miller, Illinois Prisoner Review Board, and Jane Does were also

dismissed from the action (Doc. 9).

On March 28, 2007, the Court granted summary judgment on Plaintiff's claims that he was denied a proper religious diet (Doc. 28). Because Defendant Cooksey was named as a defendant only in this count, summary judgment was granted in her favor. The Court also granted summary judgment in favor of Defendants Walker, Jones, and Lambert, because none of these defendants were personally involved in depriving Plaintiff of his constitutional rights. The case was not closed after judgment was granted in favor of those defendants, however, because one defendant remains in the case: Reggi Adams.

On March 1, 2005, the United States Marshal sent Defendant Reggi Adams, an Illinois Department of Corrections ("IDOC") employee, a request for waiver of service (Doc. 10). That waiver was never returned. On July 12, 2005, the undersigned entered an order directing the IDOC to provide the Marshal with Defendant Adams's last known address (Doc. 14).[1] On October 19, 2005, the clerk issued a summons as to Reggi Adams (Doc. 17); the summons was returned executed on January 17, 2006 (Doc. 19). The return of service indicated that Deputy United States Marshal Eric C. Mayo personally served the summons and complaint upon Defendant Adams's wife, Queen Adams, at his home address in Nebraska (Doc. 19). Defendant Adams neither made an appearance in the action nor did he answer the complaint. He has also not moved to set aside the entry of default.

On October 1, 2007, upon Plaintiff's request (Doc. 34) the Clerk made its entry of default against Defendant Adams (Doc. 36). Currently pending before the Court are Plaintiff's motions

---

[1]The Marshal had received information that Defendant Adams was no longer employed by the IDOC.

for default judgment against Defendant Adams (Doc. 35), and for a hearing on the motion (Doc. 37).

**CONCLUSIONS OF LAW**

Federal Rule of Civil Procedure 55(a) states that if a party fails to plead as provided by Federal Rules of Civil Procedure, the Clerk shall enter a default against the party. Rule 55(b)(2) authorizes a court's entry of default judgment against the party upon application by the Plaintiff after the entry of default. The Court may hold a hearing when necessary to determine the amount of damages or to establish the truth of any allegation by evidence. Fed. R. Civ. P. 55(b)(2)(B) and (C).

According to the Court's docket, Defendant Adams was properly served at his home. Under Fed. R. Civ. P. 4(e)(2), an individual may be served by leaving a copy of the summons and complaint "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." The return of service filed with the court indicates that the Deputy United States Marshal left the summons and complaint with Defendant Adams's spouse at his home. Thus, service appears to have been properly made upon Defendant Adams pursuant to the requirements of Rule 4.

Two years have passed since the service of the summons and complaint. Defendant Adams has not appeared, answered, or otherwise pleaded. The clerk's default was entered on October 1, 2007. In the four months since, Defendant Adams has not moved to set aside the entry of default. Plaintiff has properly filed a motion for default judgment

Although the Seventh Circuit favors trial on the merits of a case over a default judgment, and sees default judgment as a "weapon of last resort," they have held that default judgment is

appropriate where "a party wilfully disregards pending litigation."  <u>Sun v. Bd. of Trustees of Univ. of Ill.</u>, 473 F.3d 799, 811 (7th Cir. 2007).  Taking into consideration that service was properly-made and that two years have passed without a word to the Court from Defendant Adams, the Court finds that Defendant Adams has wilfully disregarded the pending litigation.  Therefore the undersigned **RECOMMENDS** that default judgment be entered against him after a hearing to determine the extent of Plaintiff's damages.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's motion for a hearing (Doc. 37), and after determining Plaintiff's damages, **GRANT** Plaintiff's motion for default judgment (Doc. 35), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  February 7, 2008**

                                        <u>s/ *Donald G. Wilkerson*</u>
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**