IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK LAWRENCE CHRISTIANSEN**,

**Plaintiff,**

**v.**

**ROGER WALKER, JR. et al.,**

**Defendants.**                                                                 No. 04-0561-DRH

## ORDER

**HERNDON, Chief Judge:**

On August 12, 2004, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging in six counts that he suffered numerous constitutional violations at the hands of ten defendants employed at Big Muddy River Correctional Center ("BMRCC"). On February 25, 2005, the Court dismissed, pursuant to 28 U.S.C. § 1915A, five of the six counts, and five of the ten defendants (Doc. 9). Plaintiff alleges in his sole remaining count, Count 1, that Walker, Lambert, Cooksey, Jones, and Reggi Adams interfered with the free exercise of his religion as guaranteed by the First Amendment to the Constitution. More specifically, Plaintiff alleges that the defendants did not provide him a diet free of animal products, which his religion mandates. Similarly, Plaintiff alleges that the Defendants did not provide him hygiene supplies free of animal products. Plaintiff also alleges that the defendants forced him to attend religious programs that promote Christian ideology. Lastly, Plaintiff alleges that the Defendants did not permit him adequate time or space to observe his prayer rituals and participate in fasting rituals. On March 28, 2007, the Court granted summary judgment in favor of

Defendants Walker, Lambert, Cooksey and Jones and against Christiansen (Doc. 28).

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Donald G. Wilkerson submitted a Report and Recommendation ("the Report") on February 7, 2008 (Doc. 39). The Report recommends that the Court grant Plaintiff's motion for hearing on the motion for default judgment (Doc. 37) and after determining Plaintiff's damages grant Plaintiff's motion for default judgment against Defendant Adams (Doc. 35).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report (Doc. 39). The Court **GRANTS** Plaintiff's motion for a hearing (Doc. 37). Further, the Court **ORDERS** Magistrate Judge Wilkerson to conduct a hearing on Plaintiff's damages regarding the default against Defendant Adams and issue another Report and Recommendation as to the same.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**