IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK LAWRENCE CHRISTIANSEN**,

**Plaintiff,**

v.

**REGGI ADAMS,**

**Defendant.**                                                    No. 04-0561-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Adams' motion to set aside default (Doc. 44). Christiansen objects to the motion (Docs. 46 & 47). Based on the following, the Court **GRANTS** the motion to set aside default and **DENIES as moot** Christiansen's motion for default judgment (Doc. 35).

On August 12, 2004, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging in six counts that he suffered numerous constitutional violations at the hands of ten defendants employed at Big Muddy River Correctional Center ("BMRCC"). On February 25, 2005, the Court dismissed, pursuant to 28 U.S.C. § 1915A, five of the six counts, and five of the ten defendants (Doc. 9). Plaintiff alleges in his sole remaining count, Count 1, that Walker, Lambert, Cooksey, Jones, and Reggi Adams interfered with the free exercise of his religion as guaranteed by the First Amendment to the Constitution. More specifically, Plaintiff alleges that the

defendants did not provide him a diet free of animal products, which his religion mandates. Similarly, Plaintiff alleges that the Defendants did not provide him hygiene supplies free of animal products. Plaintiff also alleges that the defendants forced him to attend religious programs that promote Christian ideology. Lastly, Plaintiff alleges that the Defendants did not permit him adequate time or space to observe his prayer rituals and participate in fasting rituals. On March 28, 2007, the Court granted summary judgment in favor of Defendants Walker, Lambert, Cooksey and Jones and against Christiansen (Doc. 28). At this point in the litigation, Adams was the sole defendant remaining in this matter.

On September 18, 2007, the Clerk of the Court issued a Notice of Impending Dismissal for failure to request a default judgment against Adams (Doc. 33). Thereafter on October 1, 2007, Christiansen filed a request for entry of default (Doc. 34) and a motion for default judgment (Doc. 35). That same day, the Clerk of the Court entered default against Adams (Doc. 26). Subsequently, Adams filed a motion for hearing on the motion for default judgment (Doc. 37).

On February 7, 2008, pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Donald G. Wilkerson submitted a Report and Recommendation ("the Report") recommending that the Court grant Plaintiff's motion for hearing on the motion for default judgment and after determining Plaintiff's damages grant Plaintiff's motion for default judgment against Defendant Adams (Doc. 35). On February 26, 2008, the Court entered an Order adopting the Report, granting the motion for hearing on the

motion for default judgment and directing Magistrate Judge Wilkerson to conduct a hearing on Plaintiff's damages regarding the default against Adams (Doc. 40).

On May 22, 2008, Adams filed a motion to set aside default (Doc. 45). Adams argues that at the time the complaint and summons was served upon his wife (December 15, 2005) he was no longer employed by the Department of Corrections; that he thought that the Attorney General's Office would handle his representation per 5 ILCS 350/(2) and that he did not realize that he needed to take further steps to arrange representation. Further, Adams argues that he has a meritorious defense to Christiansen's claims. Christiansen objects to Adams' motion stating that Adams has not shown good cause because Adams deliberately chose not to respond; that Adams has not taken quick action and that he does not have a meritorious defense. The Court now turns to address the merits of the motion.

## II. Analysis

**Rule 55(c)** provides: "For good cause shown the court may set aside an entry of default. . . ."[1] **Rule 55(c)** "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error. . .Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy." ***Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).** "In order to vacate an entry of default, the moving party must show:

---

[1] Because damages were never determined and a final judgment was never entered the Court conducts its analysis pursuant to the "good cause" requirement of **FEDERAL RULE OF CIVIL PROCEDURE 55(c)**. *See Chrysler Credit Corp. v. Macino*, **710 F.2d 363, 366 (7th Cir. 1983)**.

1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." ***Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)**; ***O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir, 1993)**; ***United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)**.

The Seventh Circuit has "noted many times that a default judgment is a harsh sanction that ought to be used sparingly." ***C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984).** In addition, "[a] default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing." ***Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981).** Moreover, "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment." ***United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 946 (7th Cir. 1978).**

Although the Court is aware that "courts must have at their disposal the sanction of dismissal in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not", ***Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983),** the Court also finds that in general, in the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. ***See e.g. Sims,* 475 F.3d 865(finding that district court judge did not abuse his**

discretion in "concluding that entry of default would be overkill"); *Sun v. The Board of Trustees of the University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007)("Although a district court has the default judgment 'readily available within its arsenal of sanctions," *id.* at 1206, it is a weapon of last resort, appropriate when a party wilfully disregards pending litigation."); *Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986)(overturning district court's decision refusing to vacate default judgment based on a lack of evidence that defendant deliberately and wilfully disregarded the court's orders); *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356 (S.D.Ill., 2002) (finding that although defendant made only a weak showing of good cause, he had acted quickly and had a meritorious defense). "In many ordinary cases resulting in default judgments, the defaulted parties were given various chances and warned; but, when they persisted in being unresponsive, they were then properly defaulted. The present case is not such a clear example of a continuing disregard for the litigation." *Bieganek*, 802 F.2d at 882. "When it appears, as here, that there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided." *Bieganek*, 802 F.2d at 882. Furthermore, the Court has the power to act in the interest of justice. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 2008 WL 2246431, * 8 (7th Cir. June 3, 2008).

Here, Adams argues that he has met all three elements to set aside the

entry of default. The Court agrees. In this situation, it appears to be in the best interest of both Christiansen and Adams for the entry of default to be set aside. Adams' ignorance and misinterpretation of the Illinois scheme for representation constitutes good cause for his failure to timely enter his appearance and to respond to the complaint. Also, justice is always better served to have a case decided on the merits, rather than a procedural blunder. By setting aside the entry of default, Adams may file his responsive pleading, the case may proceed on its merits and all remedies remain open to Christiansen. Thus, the Court finds that default is not warranted under these circumstances and grants the motion to set aside default.

### III. Conclusion

Accordingly, the Court **GRANTS** Adams' motion to set aside default (Doc. 44) and **DENIES as moot** Christiansen's motion for default judgment (Doc. 35). The Court **VACATES** the Clerk's entry of Default (Doc. 36). Further, the Court **ORDERS** Adams to file an answer to Christiansen's complaint within 20 days of the date of this Order.

**IT IS SO ORDERED.**

Signed this 20th day of June, 2008.

/s/    *DavidRHerndon*
**Chief Judge**
**United States District Court**